United States District Court
Southern District of Texas
**ENTERED**
November 09, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 3:15-007-3 |
| | § | |
| DOMINIQUE WARNER | § | |

### MEMORANDUM OPINION AND ORDER

Defendant Dominique Warner filed a motion for compassionate release (Dkt. 392) and seeks release from the Bureau of Prisons ("BOP") under 18 U.S.C. § 3582(c)(1)(A). The Government has filed a response (Dkt. 394) and argues that the motion is unexhausted and fails on the merits. Having considered the applicable law, the briefing, and all matters of record, the Court **DENIES** Defendant's motion for compassionate release for the reasons explained below.

### I. BACKGROUND

On June 27, 2016, Warner pleaded guilty to one count of conspiracy to commit sex trafficking of a minor, 18 U.S.C. § 1591(a), 1591(b), & 1594(c). The Government states that Warner is a known gang member; that he benefitted financially from the minor victims' commercial sex acts; and that he drove victims to and from sex dates, rented hotel rooms, and had sex with several victims. On November 7, 2017, the Court sentenced Warner to 110 months in the Bureau of Prisons with a five-year term of supervised release, below the advisory range of 324-405 months. The remaining counts

were dismissed on the Government's motion. *See* Dkt. 265 (Presentence Investigation Report); Dkt. 324 (Judgment); Dkt. 325 (Statement of Reasons).

Warner seeks compassionate release based on the COVID-19 pandemic; his desire to help his family; his plans to find live with family, work, and volunteer with youth after release; his good conduct and work during his incarceration; and the fact that he has served the majority of his sentence. He does not claim any specific medical issues. The Court entered a notice (Dkt. 393) instructing Warner to file his request on the Court's form motion, but Warner did not comply.

According to publicly available BOP records, Warner's projected release date is June 13, 2023. *See* Find an Inmate, Federal Bureau of Prisons, available at https://www.bop.gov/inmateloc/ (last visited Nov. 5, 2021). He filed his motion from a BOP facility in Alabama but has since been transferred to a facility in Beaumont, Texas (*id*.).

## II.   COMPASSIONATE RELEASE UNDER U.S.C. § 3582(c)

In general, "court[s] may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). However, Warner moves for a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), which authorizes a district court to grant such a reduction either upon motion by the Director of the BOP or upon motion of the defendant after exhaustion of administrative remedies. In particular, the statute permits the sentencing court to grant a reduction in sentence, following consideration of factors set forth in 18 U.S.C. § 3553(a), where "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by

the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A); *see United States v. Shkambi*, 993 F.3d 388, 392-93 (5th Cir. 2021); *United States v. Thompson*, 984 F.3d 431, 433 (5th Cir.), *cert. denied*, 141 S. Ct. 2688 (2021). The court must provide a "thorough factual record" and "specific factual reasons" for its decision, including but not limited to consideration of the § 3553(a) factors. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

As a preliminary matter, Warner does not address whether he exhausted his administrative remedies with the Bureau of Prisons. He therefore has not met his burden to show that he has satisfied the exhaustion requirement, which is mandatory under § 3582(c)(1)(A). *See United States v. Franco*, 973 F.3d 465, 468 (5th Cir.), *cert. denied*, 141 S. Ct. 920 (2020). Denial of relief is warranted on this basis. Because the Government briefed the merits of Warner's motion, the Court will address the merits as an alternate basis for its ruling.

### A. Extraordinary and compelling reasons

A reduction in sentence may be based in part on "extraordinary and compelling reasons." 18 U.S.C. § 3582(c)(1)(A)(i). The United States Sentencing Commission's policy statement lists four factors that support a finding of "extraordinary and compelling reasons" under the statute: (A) certain medical conditions of defendant; (B) the defendant's advanced age, in combination with additional factors; (C) death or incapacitation of the caregiver for the defendant's minor children or incapacitation of the defendant's spouse; and (D) other reasons. *See* U.S.S.G. § 1B1.13(1)(A) & Application Note 1. Although district courts are not bound by the policy statement or its commentary,

these factors inform the courts' analysis of motions under § 3582(c). *Shkambi*, 993 F.3d at 393; *Thompson*, 984 F.3d at 433.

Warner does not claim a qualifying medical condition, incapacitation of his spouse or a caregiver for his child, or any other reason listed above. Although he cites his desire to help his family, to work, and to volunteer with young people, none of these reasons are sufficiently extraordinary and compelling to warrant a reduction in sentence under § 3582(c). *See Thompson*, 984 F.3d at 433. To the extent Warner seeks a reduced sentence based on the COVID-19 pandemic, the pandemic itself is insufficient to justify release. Although some courts have granted relief during the pandemic to defendants who have severe high-risk conditions and have served the majority of their sentences, general fear of infection with the COVID-19 virus does not entitle a defendant to release. *See id.* at 434-35.

Warner has not met his burden to demonstrate an extraordinary and compelling basis for a reduction in his sentence.

### B. Factors under 18 U.S.C. 3553(a) and 18 U.S.C. § 3142(g)

Even if Warner could demonstrate extraordinary and compelling reasons, § 3582(c)(1)(A) requires him to demonstrate that the sentencing factors in 18 U.S.C. § 3553(a) support his release. The applicable factors include the defendant's history and characteristics; the nature and circumstances of the offense; the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment for the offense; the need to deter criminal conduct and protect the public from further crimes of the defendant; and the need to provide the defendant with training

or treatment in the most effective manner. *See* 18 U.S.C. § 3553(a). The Commission's non-binding policy statement in U.S.S.G. § 1B1.13, which requires consideration of whether the defendant is a danger to any other person or the community as provided in 18 U.S.C. § 3142(g), also informs the Court's analysis.[1]

The Government argues that the § 3553(a) factors do not warrant a reduction in Warner's sentence because his 110-month sentence was already 200 months below the bottom of the advisory guideline range; he facilitated sexual exploitation of minor victims; he has a history of misdemeanor drug offenses; and is a danger to the community (Dkt. 394, at 11-12). Warner has not responded to the Government's arguments and fails to show that the factors under § 3553(a) or § 3142(g) support a reduced sentence in his case.

### III.  CONCLUSION

For the reasons stated above the Court **ORDERS** that Defendant Dominque Warner's motion for compassionate release (Dkt. 392) is **DENIED** under 18 U.S.C. § 3582(c)(1)(A).

The Clerk will provide a copy of this order to the parties.

SIGNED at Houston, Texas, on November 9, 2021.

*George C. Hanks Jr.*
GEORGE C. HANKS, JR.
UNITED STATES DISTRICT JUDGE

---

[1] The factors under § 3142(g) overlap substantially with the factors listed above for § 3553(a). *See* 18 U.S.C. § 3142(g) (factors relevant to determination regarding whether the defendant is a danger to others or the community include the nature and circumstances of the offenses of conviction; the weight of the evidence; the defendant's history and characteristics; and the nature and seriousness of the danger posed by the defendant's release).